# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KIRSHA BROWN-YOUNGER,

                Plaintiff,

vs.

ROBERT MOSEN, et al.,

                Defendants.

Case No. 2:11-cv-00554-KJD-PAL

**ORDER**

(IFP App - Dkt. #26)

This matter is before the court on Plaintiff Kirsha Brown's Motion for Service (Dkt. #10), Motion to Increase Judgment Demand (Dkt. #12), Motion to Request Approval of IFP (Dkt. #13), Motion for Expedited Service (Dkt. #14), Motion for Expedited Hearing (Dkt. #15), Motion to Produce Records (Dkt. #16), Motion to File Electronically (Dkt. #24), and Application to Proceed *In Forma Pauperis* (Dkt. #26) filed September 6, 2011.

**I.**     *In Forma Pauperis* **Application**

Previously, Plaintiff submitted an incomplete Application to Proceed *In Forma Pauperis*, and because the court could not determine whether Plaintiff qualified to proceed *in forma pauperis,* it denied Plaintiff's Application without prejudice, allowing her thirty days to submit a completed Application. Plaintiff complied and has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's Amended Complaint (Dkt. #6).

**II.**     **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is

1  legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks
2  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a
3  court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint
4  with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the
5  deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir.
6  1995).

7  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for
8  failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a
9  ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir.
10 2000). A properly pled complaint must provide a short and plain statement of the claim showing that
11 the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544,
12 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than
13 labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.
14 Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court
15 must accept as true all well-pled factual allegations contained in the complaint, but the same
16 requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the
17 elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.
18 Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable,
19 the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

20 Plaintiff's Amended Complaint alleges that she was discriminated against on the basis of
21 gender, race, and disability by her landlords, Defendant Robert and Mishy Mosen, in violation of Title
22 VIII of the Civil Rights Act of 1968 (the "Fair Housing Act" or "FHA"), 42 U.S.C. § 3601 *et seq.* She
23 seeks one million dollars in damages. Plaintiff alleges that Defendants refused to meet her so that she
24 could pay the remainder of a rental deposit although it appears Defendants eventually did accept
25 Plaintiff's deposit because she moved into the apartment. Plaintiff believes this refusal to meet was
26 based on the fact that she is black, and Defendants are Hispanic. Plaintiff states the Defendants also
27 refused to investigate her complaints about other tenants in the complex who harassed Plaintiff by
28 knocking on the window and yelling, "you better move out," along with obscenities based on her race

and disability.  Plaintiff also alleges a male instigated her fiancé, Nigel Mena, and caused Mr. Mena to physically assault her.  Lastly, she contends that another neighbor assaulted her with a skillet.

The Fair Housing Act provides a private right of action for an "aggrieved person" subjected to "an alleged discriminatory housing practice."  42 U.S.C. § 3613(a)(1)(A).  An aggrieved person is defined to include any person who "claims to have been injured by a discriminatory housing practice."  42 U.S.C. § 3602(I).  A discriminatory housing practice is "an act that is unlawful under section 3604, 3605, 3606, or 3617 of this title."  42 U.S.C. 3602(f).  The Ninth Circuit applies a Title VII discrimination analysis in examining claims under the FHA.  *See Gamble v. City of Escondido*, 104 F.3d 300, 304 (9th Cir. 1997).  Accordingly, a plaintiff can establish an FHA discrimination claim under a theory of disparate treatment or disparate impact.  *Id.* at 305 (*citing Ring v. First Interstate Mortgage, Inc.,* 984 F.2d 924, 926 n.2 (8th Cir. 1993) and *Pfaff v. United States Dep't of Social Servs.,* 89 F.3d 739, 745 n.1 (9th Cir. 1996)).

The court need not reach the issue of whether Plaintiff can state a *prima facie* discrimination claim because she has not alleged any discriminatory housing practice under 42 U.S.C. §§ 3604, 3605, 3606, or 3617.  The only possibly relevant provision is § 3604 (b) which provides that it is unlawful to discriminate against a person in the terms conditions or privileges of a rental of a dwelling or in the provision of services or facilities connected therewith based on the person's race, color, religion, sex, familial status, or national origin.  24 C.F.R. § 100.65 defines what actions are prohibited under 42 U.S.C. § 3604(b), none of which are applicable to this case.  Plaintiff's Complaint does not set forth any facts that state a claim under this section or any other section of the FHA.  Therefore, the court will dismiss Plaintiff's Complaint without prejudice and allow her to file an amended complaint if she believes she can cure the noted deficiencies.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is advised that she should specifically identify how she believes each Defendant has violated the FHA and support each claim with factual allegations about each Defendant's actions.  Additionally, Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

/ / /

Plaintiff is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

**III.    Plaintiff's Motion for Service of Process (Dkt. #10)..**

Plaintiff requests that her filings be served upon Defendants within seventy-two business hours of the date of her filing the Motion for Service. She further requests service be made by the Clerk of Court because she can not afford service by the United States Marshal's Service or a process server, and she does not know anyone over the age of eighteen to effect service. Because Plaintiff is proceeding *in forma pauperis*, her Amended Complaint must be screened before the court is authorized to direct service. *See* 28 U.S.C. § 1915(e). If Plaintiff were to state a claim upon which relief could be granted, the court would direct the Clerk of Court to prepare summons, and service of the Amended Complaint on Defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure would be effected by the United States Marshal's Service because Plaintiff is proceeding *in forma pauperis*. *Id.* The Clerk of Court does not serve summons. The court screened Plaintiff's Amended Complaint and found that it should be dismissed with leave to amend. Service of the Amended Complaint is premature at this point. Plaintiff's Motion for Service of Process (Dkt. #10) is denied.

**IV.    Plaintiff's Motion to Increase Judgment Demand (Dkt. #12); Plaintiff's Motion to Request Approval of IFP (Dkt. #13); Plaintiff's Motion for Expedited Service (Dkt. #14); Plaintiff's Motion for Expedited Hearing (Dkt. #15); Plaintiff's Motion to Produce Records (Dkt. #16).**

These motions were filed as one document by Plaintiff and separated into different docket entries by the Clerk of Court because the caption of the document requests different forms of relief. The Motion itself, however, recites facts more appropriately raised in a complaint. Any factual allegations that support Plaintiff's claims must be asserted in a complaint, or as here, where Plaintiff's

4

1  Amended Complaint has been dismissed with leave to amend, in her amended complaint.  Additionally,
2  Plaintiff's request to increase the judgment based on facts alleged in the motion should also be raised in
3  the amended complaint.  Plaintiff's motion makes no reference to service or to producing records or to
4  approval of her IFP Application.  However, as set forth above, service is not appropriate until the court
5  finds Plaintiff has stated a claim upon which relief can be granted.  Likewise, requesting discovery of
6  an opposing party is not appropriate until after the court has found Plaintiff has stated a claim upon
7  which relief can be granted.  Finally, because the court has decided these matters based upon the
8  papers, a hearing is not required.  Therefore, Plaintiff's various motions (Dkt. ##12, 14, 15, 16) are
9  denied.  The court has approved Plaintiff's Application to Proceed *In Forma Pauperis*.  Her Motion for
10  Approval (Dkt. #13) is unnecessary as the court automatically reviews applications to proceed *in forma*
11  *pauperis* and either grants or denies them as appropriate.  Filing additional motions before the court has
12  reviewed an application and screened the complaint unnecessarily multiplies the number of matters the
13  court must address and clogs the court's docket.

**V.      Plaintiff's Motion to File Electronically (Dkt. #24).**

Plaintiff requests leave to file and access documents via the court's CM/ECF system.  Plaintiff has not yet stated a claim upon which relief can be granted.  Her motion will be denied without prejudice to her ability to re-file the motion once she has stated a claim.  Plaintiff's motion also notes a new temporary address, and a review of the court's docket reveals the Clerk of Court has already updated Plaintiff's information.

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED.  Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of the Court shall file the Amended Complaint.

4. Plaintiff's Amended Complaint is DISMISSED with leave to amend.

5. Plaintiff shall have until **November 28, 2011,** to file her second amended complaint, if she believes she can correct the noted deficiencies. The second amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "SECOND AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-00554-KJD-PAL**, above the words "SECOND AMENDED"in the space for "Case No."

7. Plaintiff is expressly cautioned that if she does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

8. Plaintiff's Motion for Service (Dkt. #10) is DENIED.

9. Plaintiff's Motion to Increase Judgment Demand (Dkt. #12) is DENIED.

10. Plaintiff's Motion to Request Approval of IFP (Dkt. #13) is DENIED AS MOOT.

11. Plaintiff's Motion for Expedited Service of Process (Dkt. #14) is DENIED.

12. Plaintiff's Motion for Expedited Hearing (Dkt. #15) is DENIED.

13. Plaintiff's Motion to Produce Records (Dkt. #16) is DENIED.

14. Plaintiff's Motion to File Electronically (Dkt. #24) is DENIED WITHOUT PREJUDICE.

Dated this 28th day of October, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE